**UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEW HAMPSHIRE**

United States of America

        v.                              Criminal No. 13-mj-023-01-LM

Robert Pineault

**ORDER ON PRELIMINARY HEARING AND DETENTION PENDING TRIAL**

On March 8, 2013, the defendant appeared for a preliminary hearing to determine whether there is probable cause to believe he committed the offense of Manufacturing a Controlled Substance in violation of 18 U.S.C. § 841(a)(1), as outlined in a complaint dated March 5, 2013.

At the preliminary hearing, the government produced evidence through the testimony of Drug Enforcement Special Agent Michael P. Cashman, which is incorporated by reference herein.  Based on Agent Cashman's testimony, as well as his sworn affidavit submitted with the complaint in this matter, the evidence overwhelmingly established probable cause to believe the defendant committed the offense of Manufacturing a Controlled Substance in violation of 18 U.S.C. § 841(a)(1).

Following the preliminary hearing, the defendant, through counsel, verbally stipulated to detention but requested a hearing on whether the court would release him to a suitable long-term residential treatment program. The government objected to that request. For the following reasons, and for the reasons more thoroughly stated on the record, the court declines to issue an order permitting the defendant to be released into an inpatient treatment facility.

Based on the nature of the offense in this case, there exists a rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of the community." See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986). Additionally, numerous of the factors the court may consider in making a release determination, as set forth in 18 U.S.C. § 3142(g), establish that the court can set no condition or combination of conditions that will reasonably assure the safety of another or the community. United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).

First, the "weight of the evidence" as to guilt is overwhelming. In a post-arrest interrogation, the defendant

admitted he has engaged in the manufacture of methamphetamine and the evidence produced during the preliminary hearing was comprehensive and compelling.  In fact, the defendant was engaged in the act of manufacturing methamphetamine when he was arrested by federal agents.  Second, "the nature and circumstances of the offense charged" involve the dangerous activity of manufacturing methamphetamine using the "one pot" method, which results in the production of toxic vapors and presents the possibility of an uncontrolled explosion and fire.  Additionally, the government established that the defendant engaged in this activity in a residence housing his disabled mother, disabled sister, his two children (ages 7 and 5), and his niece (age 7).  He also engaged in this dangerous manufacturing process despite the fact that residence is one block from Central High School and across the street from a Boys and Girls Club of America.  Manufacturing methamphetamine using the "one pot" method in this situation shows a callous disregard for the safety and well being of others.

Third, the defendant's "criminal history" includes a conviction for an assault with a firearm and a subsequent felon in possession conviction.  Fourth, the defendant has a long-term,

current, and unaddressed substance abuse problem, admitting that he uses methamphetamine and marijuana on a weekly basis (admitting he had used methamphetamine within twenty-four (24) hours of his arrest and marijuana within forty-eight (48) hours of his arrest) and takes various pain medications. Fifth, while the defendant is presently taking medications for anxiety and panic attacks and has received mental health counseling in the past, his present mental state is unknown. Finally, the bail report states that the defendant has not been employed since 2009 or 2010.

    Based on these factors, and aided by the presumption, the court concludes that no condition or combination of conditions will reasonably assure the safety of the community. Given that conclusion, the court simply cannot agree to release the defendant to an unsecured inpatient treatment facility, where the defendant could easily abscond at a time of his choosing. The court will recommend, however, the defendant for entry into the Stafford House of Corrections TC Program. The court notes that should the defendant complete the TC Program and establish a period of sustained sobriety, it may mitigate the court's present concerns for the safety of the community should he request

permission to enter a residential treatment facility in the future.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The court recommends the defendant for entry into the Stafford County House of Corrections TC Program.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

/s/ Daniel J. Lynch
Daniel J. Lynch
United States Magistrate Judge

Date:   March 8, 2013

cc:     Robert J. Veiga, AUSA
        Bjorn R. Lange, Esq.
        U.S. Marshal
        U.S. Probation